### KERBY *et al. v.* LONG, ordinary, *et al.*

Where general presentments are signed and returned into court by the grand jurors who were impaneled at the opening of the term of court and are spread upon the minutes without objection, the validity of a recommendation which is embodied in such presentments and which is a proper subject-matter thereof can not be afterward attacked on the ground that, at the time of the grand jury's deliberations in regard to such recommendation, some of the regular grand jurors were absent and tales grand jurors participated in the vote which was taken thereon.

Argued June 23, — Decided August 8, 1902.

Petition for injunction.    Before Judge Estes.    Rabun superior court.    May 9, 1902.

*J. R. Grant, Hubert Estes,* and *L. E. Bleckley,* for plaintiffs.
*R. E. A. Hamby, W. S. Paris,* and *H. H. Dean,* for defendants.

SIMMONS, C. J.    Certain citizens and taxpayers of the county of Rabun sought to enjoin the officers of the county from putting in operation and enforcing the alternative road law in that county. It appeared that the adoption of this law had been recommended by the grand jury, but it was claimed by the petitioners that this recommendation was invalid.    The attack was made on the ground that, after the grand jury had been regularly impaneled and sworn, it was ascertained, pending the term of court, that several of the grand jurors were disqualified in particular cases; that talesmen were substituted and sworn in to hear these cases; and that, while the talesmen were acting as grand jurors and during the absence of the disqualified grand jurors, the recommendation was adopted by a majority of one on a vote in which the talesmen participated. It also appeared that after this vote was taken and the disqualified cases were acted on, the talesmen retired, the original jurors resumed their duties, the recommendation as to the road law was embodied in the general presentments, and all of the original grand jurors signed these presentments and returned them into court, where they were spread upon the minutes without objection by any one.    The judge refused the injunction, and the petitioners excepted.

It was argued here that, while a finding of a grand jury in a criminal case could not be impeached on grounds like that relied on in this case, civil matters which were by law referred to the grand jury were acted upon by that body as a commission and not as a jury; that, accordingly, it was not contrary to the policy of the law to allow such an attack to be made.    Whether the recommendation as to the road law was made by the grand jury as a jury in the strict sense, or as a commission to which the matter was referred by statute, we think that the injunction was properly refused.    The private deliberations of the grand jurors and the votes taken by them are but tentative.    A conclusion reached by them, but not returned into court, may be changed upon a reconsideration of the matter.    It is only by the return that it becomes the final

action of the grand jury. In the present case the original grand jurors, about whose qualification no question is raised, all signed the presentments and returned them into court. These presentments, embodying the recommendation as to the road law, were spread upon the minutes without objection. This was clearly an adoption of what was in the presentments by the entire grand jury. When all of the grand jurors signed the presentments, what was in them became the act of the entire body, and, after the return into court and the entry on the minutes, no part of the presentments could be attacked on the ground that the grand jurors had not all participated. There is no suggestion that the jurors were fraudulently induced to sign the presentments and return them into court, though it does appear that they were requested by the judge to hasten their deliberations. Thus, independently of the question of whether the recommendation was the act of a commission or of a grand jury in the strict sense, the recommendation was the act of the grand jurors, each and all, and can not be attacked because of the participation of unauthorized persons in the deliberations which led up to the tentative conclusion to make it. For these reasons we think that the injunction was properly refused.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*